```
            UNITED STATES DISTRICT COURT
               DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| NASH WILLIAMS,<br>      Plaintiff,<br><br>  v.<br><br>J. BENTIVEGNA, NEW JERSEY DIVISION OF STATE POLICE, SUPERINTENDENT OF NEW JERSEY DIVISION OF STATE POLICE, AND JOHN DOES 1-10,<br><br>      Defendants. | HONORABLE JOSEPH E. IRENAS<br><br>CIVIL ACTION NO. 11-4018<br>      (JEI/KMW)<br><br>**ORDER TO SHOW CAUSE** |

**APPEARANCES:**

FARRELL & THURMAN, PC
By: Douglass L. Derry
172 Tamarack Circle
Skillman, NJ 08558
    Counsel for Plaintiff

GLUCK WALRATH, LLP
By: David Allan Clark
428 River View Plaza
Trenton, NJ 08611
    Counsel for Defendant J. Bentivegna

**IRENAS**, Senior District Judge:

    This matter having been opened to the Court on Defendant J. Bentivegna's Notice of Removal, the Court having considered the submission of Defendant Bentivegna, and for good cause appearing;

    **IT IS** on this <u>  19th</u> day of July, 2011,

    **ORDERED THAT:**

    (1)  Plaintiff shall show cause in writing why an order should not be entered dismissing the New Jersey

Division of State Police and the Superintendent of New Jersey Division of State Police from this action on the basis that these parties enjoy sovereign immunity under the Eleventh Amendment to the United States Constitution and are therefore immune from suit in this Court.[1]  See *Edelman v. Jordan*, 415 U.S. 651, 662 (1974)("[A]n unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State.")

(2) Plaintiff's brief on this matter shall be filed with the Court (with a copy sent directly to Chambers) by **5:00 p.m., Tuesday, July 26, 2011.**

(3) Defendants' briefs, if any, shall be filed with the Court (with a copy sent directly to Chambers) by **5:00 p.m., Tuesday, August 2, 2011.**

    s/ Joseph E. Irenas
JOSEPH E. IRENAS
Senior United States District Judge

---

[1] If either of these parties is amenable to suit in this Court, then the Complaint must be remanded to the Superior Court of New Jersey because all of the Defendants have not consented to the removal.  See *Balazik v. County of Dauphin*, 44 F.3d 209, 213 (3d Cir. 1995)("[I]t is well established that removal generally requires unanimity among the defendants.")