UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NASH WILLIAMS,<br><br>    Plaintiff,<br><br>  v.<br><br>J. BENTIVEGNA, NEW JERSEY DIVISION OF STATE POLICE, and SUPERINTENDENT OF NEW JERSEY DIVISION OF STATE POLICE,<br><br>    Defendants. | HONORABLE JOSEPH E. IRENAS<br>CIVIL ACTION NO. 11-4018 (JEI)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REMAND (Dkt. No. 7) AND DISMISSING DEFENDANTS NEW JERSEY DIVISION OF STATE POLICE AND SUPERINTENDENT OF NEW JERSEY DIVISION OF STATE POLICE** |

**APPEARANCE:**

FARRELL & THURMAN, PC
By:  Douglass L. Derry
172 Tamarack Circle
Skillman, NJ 08558
        Counsel for Plaintiff

GLUCK WALRATH, LLP
By:  David Allan Clark
428 River View Plaza
Trenton, NJ 08611
        Counsel for Defendant J. Bentivegna

WOLFF SAMSON
By:  Bruce D. Ettman
One Boland Drive
West Orange, NJ 07052
        Counsel for Defendant New Jersey Division of State
        Police and Defendant Superintendent of New Jersey
        Division of State Police


**IRENAS**, Senior District Judge:

    This matter having appeared before the Court upon the Court's own Order to Show Cause (Dkt. No. 2) and Plaintiff's Motion to Remand (Dkt. No. 7), the Court having considered the

submissions of the parties, and it appearing that:

    1.  Plaintiff Joseph Sgrignuoli filed his complaint against Defendants in New Jersey Superior Court on May 2, 2011. Plaintiff alleges that Defendant Bentivegna wrongly arrested him at a highway rest stop.  Plaintiff brings claims against all Defendants under 42 U.S.C. § 1983 and the New Jersey Civil Rights Act (the "NJCRA"), N.J.S.A. § 10:6-2.[1]  Defendant Bentivegna filed a timely notice of removal with this Court on July 13, 2011, asserting removal is proper because Plaintiff brings claims under federal law.  The Court issued its Order to Show Cause on July 19, 2011, requesting Plaintiff to show cause why Defendant New Jersey Division of State Police ("NJDSP") and Defendant Superintendent of New Jersey Division of State Police ("Superintendent," and together with NJDSP, the "State Defendants") should not be dismissed from the action.  Plaintiff filed a Motion to Remand on July 26, 2011, arguing that removal was not proper because the Superintendent did not properly consent.[2]

    2.  Section 1983 provides, in pertinent part, that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other

---

[1] Plaintiff also asserts a claim for attorneys' fees under 42 U.S.C. § 1988.  Pursuant to § 1988, a court may grant attorneys' fees to a prevailing party in a suit under § 1983.

[2] Plaintiff concedes that the NJDSP was improperly joined and the NJDSP's consent was not needed for removal.

> person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

The Supreme Court has held that a state is not a "person" and is therefore not amenable to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 69 (1989). A suit against a state official acting in his official capacity "is no different from a suit against the state itself," and such state official is not a "person" amenable to suit for money damages under § 1983. *Id.* at 71. In contrast, a suit for injunctive relief brought against a state official who was acting in his official capacity is not an action against the state, and such a claim may properly be brought under § 1983. *Id.* at 71, n. 10.

   3.   The NJCRA provides, in pertinent part, that:

> [a]ny person who has been deprived of any substantive due process or equal protection rights, privileges or immunities secured by the Constitution or laws of the United States, or any substantive rights, privileges, or immunities secured by the Constitution or laws of this State, or whose exercise or enjoyment of those substantive rights, privileges, or immunities has been interfered with or attempted to be interfered with, by threats, intimidation or coercion by a person acting under color of law, may bring a civil action for damages and for injunctive or other appropriate relief.

The NJCRA was modeled after § 1983, and the requirement that the defendant be a "person" is the same under both statutes. *See Slinger v. New Jersey,* 2008 U.S. Dist. LEXIS 71723, *14-*15 (D.N.J. Sept. 4, 2008). Additionally, New Jersey has provided a statutory definition of "person." Under New Jersey law, a

"person" includes:

> corporations, companies, associations, societies, firms, partnerships and joint stock companies as well as individuals. . . and, when used to designate the owner of property which may be the subject of an offense, includes this State, the United States, any other State of the United States as defined infra and any foreign country or government lawfully owning or possessing property within this State.

N.J.S.A. §1:1-2. Under this definition, the state is only a person when standing as a victimized property owner.[3]

    4. Plaintiff has brought suit against the NJDSP and the Superintendent for money damages and injunctive relief. Plaintiff, though, has failed to state a claim for injunctive relief. A court may issue an injunction to "afford relief against future acts or conduct which are against equity and good conscience." *Devine v. Devine*, 20 N.J. Super 522, 527 (Ch. Div. 1952). Here, the Complaint alleges that Plaintiff's injuries arose out of a single, isolated incident between Plaintiff and Defendant Bentivegna. Plaintiff has not plead facts upon which the Court may conclude that Plaintiff is at risk of future harm from the Defendants or that the alleged violations are likely to reoccur. Without such factual allegations, Plaintiff cannot state a claim for injunctive relief. Instead, Plaintiff's sole remedy is money damages.

    5. The NJDSP is a state entity and not amenable to suit

---

[3] The legislative history of the NJCRA also makes clear that the state was to be "excluded from the ambit of defendants against whom actions may be brought under the NJCRA." *See Slinger*, 2008 U.S. Dist. LEXIS 71723 at *21.

under either § 1983 or the NJCRA.  Superintendent is a state official who has been sued only in his official capacity (Complaint ¶ 6).  Under *Will*, Superintendent is not a "person" when sued in his official capacity for money damages and therefore is not amenable to suit under § 1983 or the NJCRA in this action.  Because Plaintiff has failed to state a claim for which relief may be granted against the State Defendants, each of the State Defendants will be dismissed from this action.

    6. In order to remove a case to federal court, all defendants must provide their consent.  *Diet Drugs Prod. Liab. Litig. v. Am. Home Prod. Corp.*, 220 F. Supp. 2d 414, 419 (E.D. Pa. 2002).  The consent of a party fraudulently joined, though, is not required.  *Id.*  The Third Circuit has explained that "[j]oinder is fraudulent where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendants or seek a joint judgment." *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992).  Because there was no colorable ground supporting Plaintiff's claims against the State Defendants, the State Defendants were fraudulently joined to this action and their consent was not necessary for proper removal.  Defendant Bentivegna's removal was proper, and Plaintiff's Motion to Remand will be denied.[4]

---

[4] The Eleventh Amendment to the United States Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit. . . commenced or

**IT IS** on this 11th day of August, 2011,

**ORDERED THAT**:

1. Defendant New Jersey Division of State Police and Defendant Superintendent of New Jersey Division of State Police are hereby **DISMISSED** from this action.

2. Plaintiff's Motion to Remand is hereby **DENIED**.

        s/ Joseph E. Irenas
        JOSEPH E. IRENAS, S.U.S.D.J.

---

prosecuted against one of the States" by citizens of another state.  The Supreme Court has interpreted this to preclude a state from being sued by its own citizens in federal court. *Lapides v. Bd. of Regents*, 535 U.S. 613, 618 (2002).  A state that voluntarily consents to the removal of an action to federal court waives this immunity.  *Id.* at 620.  Even had the State Defendants been properly joined to this action, sovereign immunity would not bar this suit because the State Defendants' consent would have been necessary for removal to this Court, and such consent would waive any claim for sovereign immunity.